Case 1:18-cv-02033-CCB  Document 37  Filed 08/22/19  Page 1 of 12
Case 1:18-cv-02033-CCB  Document 36  Filed 08/21/19  Page 1 of 9
DocuSign Envelope ID: 9B1EB39B-0BCC-4A70-86FF-B62955AB7460

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GAYNELL C. COLBURN, individually and on behalf of others similarly situated * * | RECEIVED IN THE OFFICE OF CATHERINE C. BLAKE |
| | AUG 2 2 2019 |
| Plaintiff * | UNITED STATES DISTRICT JUDGE |
| v. * | Civ. Action No.: 1:18-cv-2033 |
| POLLIN/MILLER HOSPITALITY STRATEGIES, INC. d/b/a PM HOTEL GROUP * * | |
| Defendant * | |

## CONSENT DECREE AND ORDER

1. Plaintiff, Gaynell C. Colburn ("Plaintiff"), filed a Complaint on July 5, 2018 against Defendant, Pollin/Miller Hospitality Strategies, Inc. d/b/a PM Hotel Group ("Defendant" and, collectively with Plaintiff, the "Parties"), alleging claims under Title III of the ADA challenging the accessibility of transportation services offered at hotels throughout the country that are owned, operated, or managed by Defendant or other subsidiary or affiliated companies of Defendant that offer complimentary transportation services ("Corporate Properties").

2. The Defendant denies the allegations in the Complaint, and by entering into this Consent Decree and Order does not admit liability to any of the allegations in Plaintiff's Complaint. The Parties enter into this Consent Decree and

Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

3. To avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree agree to entry of this Order to resolve all claims regarding injunctive relief and damages raised in the Complaint. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief.

4. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendant for injunctive relief that have arisen out of the subject Complaint. The Parties agree that there has been no admission or finding of liability or violation of the ADA and/or any other state or federal civil rights, and this Consent Decree and Order should not be construed as such.

## I. JURISDICTION

5. The Parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 USC § 12101 *et seq.*

## II. INJUNCTIVE RELIEF

6. <u>Policy Implementation</u>: Within 60 days of entry of this Order, Defendant will ensure its Policy for Accessible Guest Transportation that is set forth at Attachment A to this Order (the "Policy") is operational at all Corporate Properties and will further:

  a. Disseminate the Policy to the General Manager and to all customer-interacting employees at each Corporate Property; and

  b. Document the company's training practice on the Policy for all hotel managers and customer-interacting employees at each Corporate Property. Defendant agrees to disclose the training plan to Plaintiff's counsel prior to implementation.

7. Initial Disclosures: Within 21 days, Defendant will provide to Plaintiff's Counsel the following information to the extent it was not already provided in discovery:

  a. A list of all Corporate Properties which provide complimentary transportation services, and with respect to each:

   i. Indicate whether the transportation services are fixed route, demand responsive, or both, along with the geographic scope and/or time scope of such services;

   ii. Identify whether (a) the transportation services are provided by a lift-equipped, leased or purchased, accessible vehicle; or (b) the transportation services are provided by a third party provider(s) of accessible transportation services. For any third party provider(s), identify the business name and telephone number of the third party provider used for accessible services.

8. Monitoring: Plaintiff's Counsel and/or its agents intends to monitor compliance with this agreement for a period up to 3 years after the entry of this

Order (the "Monitoring Term"). Such monitoring will be telephonic, electronic and/or in person.

9. <u>Subsequent Disclosures</u>: Defendant agrees to update the disclosures in Paragraph 7 during the Monitoring Term. Such subsequent disclosures shall be made on the 365th day and 730th day after entry of this Order; however, should that date fall on a weekend or a holiday, the subsequent disclosures shall be due the next business day.

### III. ATTORNEYS' FEES

10. The Defendant will provide as additional consideration in resolution of all claims that were or could have been made in this or any related action, a monetary sum, as set forth in a Confidential Addendum executed between the Parties separately from this Consent Decree. Plaintiff agrees that neither she nor her attorneys are entitled to any other monetary compensation as a result of this lawsuit, this Consent Decree, or any other claim Plaintiff may have against the Defendant. The Confidential Addendum shall be provided to the Court *in camera* for inspection and review if the Court so requires in order to extend its enforcement jurisdiction over the terms of the Confidential Addendum.

### IV. ENTIRE CONSENT DECREE AND ORDER

11. This Consent Decree and Order, together with the Confidential Addendum referenced in Paragraph 10, constitutes the entire agreement between the Parties on the matters of injunctive relief, attorney fees, litigation expenses and costs, and no other statement, promise, or agreement, either written or oral, made

Case 1:18-cv-02033-CCB   Document 37   Filed 08/22/19   Page 5 of 12
DocuSign Envelope ID: 9B4S859B-08CC4A79-46FF-B62955AB7460
Case 1:18-cv-02033-CCB   Document 36   Filed 08/21/19   Page 5 of 9

by any of the Parties or agents of any of the Parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described in this Consent Decree.

## V.     RELEASE OF CLAIMS

12.  For and in consideration of the promises, commitments and undertakings set forth in this Consent Decree, and for other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, and all related persons, partnerships, or other entities and their heirs, executors, trustees, predecessors, successors, assigns, transferees and agents ("Releasors") knowingly, voluntarily, and intentionally agree to, and do, settle, release, waive, and forever discharge Defendant and the owners of the Corporate Properties, and each of their past, present, and future parents, partnerships, corporations, subsidiaries, affiliates, related entities, dealers, agents and other entities and its and their respective predecessors, successors, successor owners, parents, subsidiaries, affiliates, assigns, transferees, agents, directors, officers, members of governing boards, employees, shareholders, insurers and attorneys ("Releasees"), from and against all actions, causes of action, claims, suits, debts, damages, judgments, attorneys' fees, costs, liabilities, and demands whatsoever, whether matured or unmatured, whether at law or in equity, whether now known or unknown that the Releasors now have or may have had, or hereafter claim to have, on behalf of themselves or any other person or entity, against Releasees that existed at any time before and including the date of entry of this Order relating to any Corporate

Properties (the "Released Claims"). This settlement, release, waiver, and discharge of claims includes, but is not limited to, claims asserted in the Lawsuit, as well as all other claims arising under Title III of the Americans with Disabilities Act and its regulations and, the Rehabilitation Act, and any applicable state or local laws or regulations. This settlement, release, waiver, and discharge of claims also includes, but is not limited to, all issues with respect to any operations or the physical condition of any portion or area of any Corporate Properties, including, but not limited to, the transportation services provided at any Corporate Properties as of the date of entry of this Order.

## VI. ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST

13. This Consent Decree and Order shall be binding on Plaintiff and the Defendant, as well as any successors in interest. The Parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

14. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile or email signature shall have the same force and effect as an original signature.

## VII. TERM OF THE CONSENT DECREE AND ORDER

15. This Consent Decree and Order shall become effective on the date the

Order is signed by the Court.

16. This Consent Decree and Order shall be in full force and effect and expire by its own terms at the end of the Monitoring Term (*i.e.*, 3 years from the effective date) without further action by the Parties (the "Expiration Date").

## VIII. SEVERABILITY

17. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

## IX. RETENTION OF JURISDICTION; ENFORCEMENT OF DECREE

18. This Court shall have continuing jurisdiction to interpret and enforce this Consent Decree until the Expiration Date.

19. If any Party believes that any other Party has failed to comply with any provision of the Order, the complaining Party shall notify the alleged non-complying Party in writing of such non-compliance, including all particulars of such allegation, and afford the alleged non-complying Party ninety (90) days to remedy the non-compliance or satisfy the complaining Party that the alleged non-complying Party will comply within a certain period of time. If the alleged non-complying Party has not remedied the alleged non-compliance or satisfied the

Order is signed by the Court.

16. This Consent Decree and Order shall be in full force and effect and expire by its own terms at the end of the Monitoring Term (*i.e.*, 3 years from the effective date) without further action by the Parties (the "Expiration Date").

## VIII. SEVERABILITY

17. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

## IX. RETENTION OF JURISDICTION; ENFORCEMENT OF DECREE

18. This Court shall have continuing jurisdiction to interpret and enforce this Consent Decree until the Expiration Date.

19. If any Party believes that any other Party has failed to comply with any provision of the Order, the complaining Party shall notify the alleged non-complying Party in writing of such non-compliance, including all particulars of such allegation, and afford the alleged non-complying Party ninety (90) days to remedy the non-compliance or satisfy the complaining Party that the alleged non-complying Party will comply within a certain period of time. If the alleged non-complying Party has not remedied the alleged non-compliance or satisfied the complaining Party that it has complied within that time, the Parties shall meet and confer regarding the non-compliance. If the Parties are unable to resolve the issue(s), the parties agree to mediate the issue(s) within thirty (30) days of the meet and confer. Should the Parties be unsuccessful in mediation, the complaining Party

7

may apply to this Court for appropriate relief. Neither Party is entitled to seek or recover attorneys' fees with respect to a dispute regarding any alleged violation of Paragraph 19 of this Decree. The Court may order appropriate relief should it determine that either Party has not complied with this Decree.

**AGREED:**

_____   Date: _____
Gaynell C. Colburn

POLLIN/MILLER HOSPITALITY
STRATEGIES, INC. d/b/a PM HOTEL
GROUP

By: _____   Date: 8/21/19

SO ORDERED this 22nd day of August, 2019.

BY THE COURT:

_____
Honorable Catherine C. Blake
UNITED STATES DISTRICT JUDGE

39305048.1

8

**Exhibit A**

**pm HOTEL GROUP**

| Division: | Hotel Operations: Shuttle (SHUTTLE) |
|---|---|
| Subject: | ADA Transportation Compliance |
| Policy/Procedure #: | Shuttle-04.5.1 |
| Effective Date: | August 2019 |

**Policy:**

Consistent with the requirements of Title III of the Americans with Disabilities Act (ADA), it is PM Hotel Group's policy to not discriminate against any individual with a disability in the full and equal enjoyment of our goods, services, facilities, accommodations, and its guest transportation services.

**Procedures:**

- **Standards for Properties that Own or Lease Vehicles used for Ground Transportation:**

    If the hotel has one or more vehicles, and they are not ADA accessible, the hotel must arrange for equivalent transportation in a lift-equipped vehicle ("Accessible vehicle") for guests with disabilities who request it. If the hotel transportation is complimentary then the Hotel must pay for the equivalent accessible transportation.

    Either (1) provide one Accessible vehicle that must be used to promptly provide service to guests with disabilities in the same time frame and with the same level of convenience as afforded to guests using non-accessible transportation; or (2) arrange an equivalent transportation in an Accessible vehicle for guests with disabilities who request it.

- **Standards for 3rd Party Transportation for Guests with Disabilities in Accessible Vehicles:**

    If your hotel does not have an Accessible vehicle available for transportation that would normally be provided to guests, the hotel must arrange for equivalent transportation in an Accessible vehicle through a third-party vendor. The hotel may not charge the guest with a disability for the equivalent transportation if (s)he would not have been charged for the non-accessible transportation provided by the hotel.

    "Equivalent" means that the transportation services offered to guests with disabilities must be as convenient as the services offered to guests without disabilities in terms of:
    - Schedules (for a Fixed Schedule system)
    - Response Time (for an On-Demand system)
    - Fares
    - Geographic areas of service
    - Days and Times of Service
    - Availability of Information

- Reservations capability (for an On-Demand system)
- Space (capacity) limitations
- Restriction priorities based on trip purpose

Your hotel must have an on-site list of transportation providers, who can provide an Accessible vehicle upon request.

**Approved By:**_

**Date Approved:**